# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:05CR201

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| GARY DEAN SMITH, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| EASTERN BAND OF CHEROKEE ) | |
| INDIANS, ) | |
| ) | |
| Garnishee, ) | |
| ) | |

**THIS MATTER** is before the Court on two *pro se* motions filed by Defendant Gary Dean Smith in his criminal case: (1) a motion to vacate the writ of garnishment and dismiss the case for fraud and lack of subject matter jurisdiction, filed February 19, 2008; and (2) a renewed motion to quash or vacate the same writ, filed March 7, 2008. Also before the Court is a separate motion by the garnishee the Eastern Band of Cherokee Indians (hereinafter, the Tribe), which requests the Court to quash the writ

of garnishment on grounds of sovereign immunity.  **Answer of the Garnishee, filed February 19, 2008.**

The factual and procedural history of this case is as follows.  On March 26, 2005, Defendant's girlfriend called 911, claiming that Defendant had detained her against her will in their home for four days and fired shots at her when she tried to escape.  **Criminal Complaint, filed May 5, 2005, at 3, ¶ 6.**  When police arrived at the home, they were able to free Defendant's girlfriend and take Defendant into custody without incident.  *Id.* **at 3, ¶ 7.**  A 12 gauge shotgun was found in Defendant's possession.  *Id.* **at 1.**  On May 5, 2005, a criminal complaint was filed against Defendant, alleging possession of a firearm by a felon.  *Id.* **at 1.**  A corresponding bill of information followed.  **Bill of Information, filed May 19, 2005.**  Defendant waived his right to prosecution by indictment.  **Waiver of Indictment, filed May 31, 2005.**

Defendant pled guilty to the charged offense, and the Court accepted his plea on May 31, 2005.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed May 31, 2005; Plea Agreement, filed May 19, 2005.**  In a final judgment filed on May 11, 2006, Defendant received an active sentence of 120 months imprisonment, to be followed by 3 years of supervised release.

**Judgment in a Criminal Case, filed May 11, 2006, at 2-3.** He was also ordered to pay a $100.00 assessment and restitution in the amount of $6,800.00. *Id.* **at 4.** The judgment listed Mignon Parker as the sole restitution payee. *Id.* **at 5a.**

The Government filed an application for writ of continuing garnishment on January 25, 2008. **Application for Writ of Continuing Garnishment, filed January 25, 2008.** The application noted that $175.00 had been credited to the total judgment debt, leaving a balance of $6,725.00 as of the date of the application. *Id.* **at 1.** The application further indicated that the Tribe "is believed to owe or will owe money or property to the defendant/debtor, or has in its possession property or funds, or tribal gaming proceed funds of the defendant/debtor, and said funds are a substantial nonexempt interest of the defendant/debtor." *Id.* **at 1-2.** Accompanying instructions to Defendant stated that "a garnishment of your tribal gaming proceeds is being taken by the United States of America." **Instructions to Criminal Defendant,** *attached to* **Application for Writ of Continuing Garnishment,** *supra***, at 1.** The instructions further stated, "You have a right to ask the court to return your property to you if you think you do not owe the money to the United States Government[.]"

*Id.* The Court granted the Government's application and entered a writ of continuing garnishment on January 28, 2008.

Defendant's two timely[1] motions objecting to the garnishment of his gaming proceeds appear to be based on his belief that the garnished funds ought to be paid directly to Mignon Parker, the restitution payee named in Defendant's judgment, instead of to the Government.  **See Motion of February 19, 2008, *supra*, at 2-3 (alleging that the United States Attorney had misled and "conned" the Court by alleging in the application for writ of garnishment that Defendant owed money to the United States); Motion of March 7, 2008, *supra*, at 2 (stating that the Court "did not enter Judgment for this Defendant to pay $6,900.00 restitution to the United States of America, and thus, the United States of America is not the creditor, and the Defendant does not owe the United States of America $6,900.00" (emphases and internal quotation marks omitted)).**

---

[1] Defendant had 20 days from the date of the receipt of the Answer of the Garnishee in which he could file written objections to the garnishment. **28 U.S.C. § 3205(c)(5).**  As the Tribe filed its answer on February 19, 2008, Defendant's motions of February 19, 2008, and March 7, 2008, are timely.

Defendant's belief, however, is mistaken.  Section 3664(m) of Title 18, United States Code, gives the power to enforce a restitution judgment to both the Government and the victim named as restitution payee.  **18 U.S.C. § 3664(m); *United States v. James*, 312 F. Supp. 2d 802, 807 (E.D. Va. 2004).**  In this case, the United States, in its governmental capacity, is simply acting as an enforcer of the restitution judgment – not defrauding Defendant and/or the victim, as Defendant alleges.  Defendant's fears that a fraud has been committed are unfounded and, therefore, his motions are denied.

The Court also addresses the Tribe's motion to quash, which is based on the Tribe's contention that it should be immune from garnishment because of its sovereign nature.  **Answer of the Garnishee, *supra*, ¶ 6**.  Indian tribes have traditionally been considered sovereign nations, possessing common law immunity from suit.  That immunity, however, may be abrogated by Congress.  ***N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.*, 991 F.2d 458, 462 (8th Cir. 1993) ("Congress has the power to statutorily waive a tribe's sovereign immunity.").**  "To abrogate tribal immunity, Congress must unequivocally express that purpose."  ***C & L Enters., Inc. v. Citizens Band Potawatomi***

*Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001) (internal quotation marks omitted).

The present proceedings are governed by the Federal Debt Collection Procedure Act (FDCPA), which Congress passed in 1990. The FDCPA defines a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest; and, it defines "person" to include Indian tribes. **28 U.S.C. §§ 3002(7), (10).** Thus, the FDCPA is one instance of Congress using unequivocal language to waive Indian tribes' immunity.

As a result, the Tribe as Garnishee must pay over to the federal government any property in which Defendant has a nonexempt interest. *United States v. Weddell*, **12 F. Supp. 2d 999, 1000 (D.S.D. 1998)**, *aff'd*, **187 F.3d 634 (table), 1999 WL 319323 (8th Cir. 1999).** Such property includes a per capita distribution to tribal members of gaming revenues. *Id.* The Tribe's motion to quash is therefore denied.

**IT IS, THEREFORE, ORDERED** that Defendant's motions of February 19, 2008, and March 7, 2008, are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Garnishee's motion to quash of February 19, 2008, is also **DENIED**.

7

Signed: March 13, 2008

Lacy H. Thornburg
United States District Judge