# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:05CR201

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) GARY DEAN SMITH, ) ) Defendant, ) ) and ) ) EASTERN BAND OF CHEROKEE ) INDIANS, ) ) Garnishee, ) ) | **O R D E R** **OF GARNISHMENT** |

**THIS MATTER** is before the Court on the *pro se* motion of Defendant which requests the Court to reconsider its Order of March 13, 2008. **Defendant's Motion Under Federal Rule of Civil Procedure 59(e), filed April 1, 2008**. That Order denied Defendant's motions to quash or vacate the previous writ of garnishment entered herein on January 28, 2008. **Order, filed March 13, 2008, at 4-5.** This writ of garnishment, in turn, provided for the garnishment of Defendant's *per capita* distribution of

gaming revenues from the Eastern Band of Cherokee Indians ("the Tribe"). **Writ of Continuing Garnishment, filed January 28, 2008.** For the reasons stated below, Defendant's motion is denied. The Court's final order of garnishment is incorporated herein.

Following a March 2005 altercation with his girlfriend in which shots were fired, Defendant pled guilty to possession of a firearm by a felon and agreed to pay restitution. **Rule 11 Inquiry and Order of Acceptance of Plea, filed May 31, 2005; Plea Agreement, filed May 19, 2005, ¶ 7; Criminal Complaint, filed May 5, 2005.** He received an active sentence, a period of supervised release, and an instruction to pay $6,800.00 in restitution to his girlfriend, Mignon Parker, in connection with his crime. **Judgment in a Criminal Case, filed May 11, 2006, at 2-4.** The basis for this restitution amount was set forth in Defendant's presentence report as follows:

> A Victim Impact Statement was received from Mignon Parker, the victim in this case. She indicated that her loss amount as a result of this offense was $6,800. This amount consists of $1,800 for unreimbursed property loss and $5,000 miscellaneous. These are amounts that were ordered under a Domestic Violence Protective Order on April 26, 2005 in Tribal Court in Cherokee, North Carolina.

**Presentence Investigation Report, revised February 3, 2006, at 5.** The Judgment also directed Defendant to pay a $100.00 assessment, for a grand total of $6,900.00. **Judgment,** *supra***, at 4.**

In the instant motion, Defendant suggests that the Government may not garnish Defendant's *per capita* distribution of gaming revenues because the Court's final judgment orders Defendant to make installment payments of $200.00 per month after he is released from prison. **Motion of April 1, 2008,** *supra***, at 3-4.** However, federal statutes specifically provide for the type of garnishment sought by the Government.

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

**18 U.S.C. § 3205(a).** For purposes of this garnishment statute, a "debtor" is "a person who is liable for a debt or against whom there is a claim for a debt"; and a "debt" is defined, in part, as "an amount that is owing to the United States on account of a . . . restitution." *Id.* **§ 3002(3), (4).** Thus, the Court's final judgment of May 11, 2006, does not preclude the current garnishment proceedings. Indeed, that judgment noted specifically that payment of restitution was to commence immediately. **Judgment,** *supra***,**

**at 5.** Defendant's motion to amend this Court's prior order enforcing the writ of garnishment must, therefore, be denied.

On January 25, 2008, the Government moved to garnish the Defendant's *per capita* distribution of gaming revenues from the Tribe, stating that Defendant's original judgment debt was $6,900.00, against which $175.00 had been credited, leaving a total balance of $6,725.00. The Court has now overruled all ensuing objections by Defendant and by the Tribe.

**IT IS, THEREFORE, ORDERED** that an Order of Garnishment is hereby **ENTERED** in the amount of $6,725.00, computed through January 25, 2008, which shall attach to each of the Tribe's *per capita* distributions of gaming revenues to Defendant.

**IT IS FURTHER ORDERED** that the Defendant's motion to reconsider is hereby **DENIED**.

Signed: April 10, 2008

Lacy H. Thornburg
United States District Judge